OPINION
{¶ 1} Bertron, Inc. was the owner of an apartment complex in Alliance, Ohio. Appellee, David Farmer, was the resident manager. On September 18, 2001, a fire erupted at the apartment building causing damages. At the time of the fire, the building was insured under a policy issued by appellant, Acuity Insurance Company, formally known as Heritage Insurance Company.
 {¶ 2} On July 30, 2004, appellant filed a complaint against appellee, seeking reimbursement for damages paid as a result of the fire. Appellant alleged appellee negligently and/or intentionally caused the fire (carelessly discarded a cigarette). A jury trial commenced on May 2, 2005. Prior to trial, the parties stipulated to the damages therefore, the trial was on liability only. Appellant presented the expert testimony of the Alliance City Fire Inspector, Eugene Devies, an independent fire inspector, Mark Casalinova, and an independent electronics engineer and fire investigator, Adam Roy. Appellee presented the expert testimony of an independent fire investigator, Wayne Groah. The jury found in favor of appellee.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT ADMITTED DEFENDANT'S EXPERT TESTIMONY."
 II {¶ 5} "THE TRIAL COURT ERRED IN ADMITTING ESTIMATE OF REPAIR AS EVIDENCE."
 I {¶ 6} Appellant claims the trial court erred in permitting appellee's expert, Wayne Groah, to testify as to the origin/cause of the fire. We disagree.
 {¶ 7} The admission or exclusion of evidence rests in the trial court's sound discretion. State v. Sage (1987),31 Ohio St.3d 173. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
 {¶ 8} Appellant claims Mr. Groah rendered an opinion contra to Evid.R. 702 and 704 because he based his opinion on facts not in the record and not based on "reliable scientific, technical, or other specialized information":
 {¶ 9} "[Evid.R. 702] (A) The witness' testimony either relates to matters beyond the knowledge or experience possessed by lay persons or dispels a misconception common among lay persons;
 {¶ 10} "(B) The witness is qualified as an expert by specialized knowledge, skill, experience, training, or education regarding the subject matter of the testimony;
 {¶ 11} "(C) The witness' testimony is based on reliable scientific, technical, or other specialized information. * * *
 {¶ 12} "[Evid.R. 704] Testimony in the form of an opinion or inference otherwise admissible is not objectionable solely because it embraces an ultimate issue to be decided by the trier of fact."
 {¶ 13} Although the above rules of evidence apply, we find most controlling in our decision to be Evid.R. 703 which states, "The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by him or admitted in evidence at the hearing."
 {¶ 14} Appellant argues Mr. Groah based his opinion on "second hand knowledge, hearsay, and his assessment of the credibility of a key witness." Appellant's Brief at 12.
 {¶ 15} Appellant, in his case in chief, marked, identified and admitted Plaintiff's Exhibit 15. Said exhibit was a report prepared by the Alliance City Fire Inspector, Eugene Devies. On cross-examination, Mr. Devies agreed there were several possible causes of the fire, including negligent cigarette disposal [appellant's position], a candle or an electrical cause, none of which could be excluded. T. at 101. In his original report, Mr. Devies made the following remarks:
 {¶ 16} "Ground wire in main electric panel shows extensive heating. Ground wire coming from electric outlet in question. According to electrician and electrical inspector, ground wire condition cannot be ruled out as cause of fire. Breaker to affected outlet was tripped. Multiple electrical hazards in this apartment."
 {¶ 17} In a follow-up supplemental report included in Plaintiff's Exhibit 15, Mr. Devies stated the following:
 {¶ 18} "It was noted that an electrician from Albright Electric was on scene the day after the fire and conveyed to the undersigned officer that there was a ground wire in the electrical breaker panel that showed heating. It was not determined whether this heating was a result of the fire or a previous condition. An electrical cause to this fire is not ruled out until it can be determined by others whether this heating was pre-existing. All evidence was left in place for future investigators to avoid spoliation of evidence."
 {¶ 19} Mr. Groah had a three-pronged opinion. First, he opined an electrical cause could not be ruled out:
 {¶ 20} "A. Ah, based on the report that the fire department did, ah, they had their city electrician come in, ah, and he checked out the electrical and apparently there was a brown wire that ran from, ah, the area of the living room that had shorted out or was beaded. Ah, based on their investigation and the investigation by the city electrician, ah, the fire department could not rule out the possibility that it was an electrical fire.
 {¶ 21} "Q. And do you agree with that determination?
 {¶ 22} "A. I can't eliminate the possibility that it was an electrical fire at this point.
 {¶ 23} "Q. And what underlying facts and knowledge do you base that on?
 {¶ 24} "A. Ah, based on examination done by the fire department and the city electrician, ah, they could not rule out that possibility. Ah, I reviewed a contractor's estimate — and looking at the photographs, ah, the fire was basically cosmetic. Ah, it didn't get into structural members. It was discovered early and suppressed. But there was, ah, approximately three thousand dollars worth of electrical that was done in the apartment.
 {¶ 25} "* * *
 {¶ 26} "Q. And just to go back, since we took a break there, can you explain to the jury why you thought that that estimate was important in this case with regard to ruling out an electrical cause?
 {¶ 27} "A. Ah, when you have a cosmetic type fire, ah, you got a lot of smoke, there is a lot of cleaning, there is a lot of painting. In this particular case there was no structural damage, but based on this, it appears they rewired the entire apartment, which seems a little excessive to me, ah, for a relatively small fire that didn't do any structural damage, to go to this extent — excuse me — if there was not some type of an electrical problem in that apartment." T. at 324-325, 329, respectively.
 {¶ 28} Secondly, Mr. Groah opined appellant's expert, Mark Casalinova, did not address all the variables involved in the fire. T. at 332. Mr. Groah went through a lengthy explanation regarding the time it takes for a cigarette to smolder and start a fire. T. at 332-341. Lastly, Mr. Groah opined the discovery after the fire of cigarette butts "under the sofa or down in the cushions" was evidence that they did not cause the fire. T. at 337. If they had caused the fire, they would have been consumed. Id. Mr. Groah stated he based his opinion on the reports and the depositions. T. at 343.
 {¶ 29} Given Plaintiff's Exhibit 15, the testimony of appellant, Mr. Casalinova and Mr. Devies, we find Mr. Groah's testimony was rendered in accordance with Evid.R. 703.
 {¶ 30} Assignment of Error I is denied.
 II {¶ 31} Appellant claims the trial court erred in permitting the electrical repair bill of Albright Electric to be used as evidence. We disagree.
 {¶ 32} Appellant argues the bill was hearsay and because there was a general stipulation as to the amount of damages, it should not have been admitted. The Albright bill was an invoice for the cost of electrical repair and therefore was a part of the stipulated damage claim. T. at 326-327. The entire amount was stipulated to at the commencement of the trial. T. at 7.
 {¶ 33} Appellee used the Albright bill during Mr. Groah's testimony to prove there was electrical damage to the structure. T. at 328-329. As stated in his report, Mr. Devies testified he could not "rule electrical out as a cause of the fire." T. at 105. Mr. Casalinova admitted on cross-examination there was some fire damage to the structure's electrical system. T. at 148-149, 176.
 {¶ 34} We find the complained of exhibit was not offered as proof of the matter asserted (amount paid for electrical damage), but was offered to show necessary electrical repair which was already acknowledged by Mr. Devies and Mr. Casalinova.
 {¶ 35} We find the trial court did not err in permitting the testimony concerning the electrical repair given the fact that the damages had been stipulated to.
 {¶ 36} Assignment of Error II is denied.
 {¶ 37} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
Farmer, J., Gwin, P.J. concurs.
Hoffman, J. concurs separately.